HELANE L. MORRISON (State Bar No. 127752)
ROBERT L. MITCHELL (State Bar No. 161354)
CARY S. ROBNETT (State Bar No. 160585)
JENNIFER L. SCAFE (State Bar No. 194649)

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MIN T. MA and JOYCE MANNI NG,<br><br>Defendants. | Case No. C-04-05295 (JSW)<br><br>**FINAL JUDGMENT AS TO DEFENDANT JOYCE MANNI NG** |

I.

    The Securities and Exchange Commission having filed a Complaint and Defendant Joyce Manni Ng having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently

1 restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange
2 Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder
3 [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the
4 mails, or of any facility of any national securities exchange, in connection with the purchase or sale of
5 any security:

6     (a)    to employ any device, scheme, or artifice to defraud;

7     (b)    to make any untrue statement of a material fact or to omit to state a material fact
8               necessary in order to make the statements made, in the light of the circumstances
9               under which they were made, not misleading; or

10     (c)    to engage in any act, practice, or course of business which operates or would
11               operate as a fraud or deceit upon any person.

12

13                                       II.

14     IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is
15 liable for disgorgement of $133,448.00, representing profits gained as a result of the conduct alleged
16 in the Complaint, together with prejudgment interest thereon in the amount of $2,058.00, for a total of
17 $135,506.00. Defendant shall make this payment within ten (10) business days after entry of this
18 Final Judgment by certified check, bank cashier's check, or United States postal money order payable
19 to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office
20 of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General
21 Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter
22 identifying Joyce Manni Ng as a defendant in this action; setting forth the title and civil action
23 number of this action and the name of this Court; and specifying that payment is made pursuant to
24 this Final Judgment. Defendant shall simultaneously transmit photocopies of such payment and letter
25 to the attention of Helane Morrison, District Administrator, at the Commission's San Francisco
26 District Office, 44 Montgomery Street, Suite 2600, San Francisco, California 94104. By making this
27 payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no
28

CASE NO. C-04-05295 (JSW)                    2
FINAL JUDGMENT AS TO DEFENDANT NG

1 part of the funds shall be returned to Defendant. Defendant shall pay post-judgment interest on any
2 delinquent amounts pursuant to 28 U.S.C. § 1961.

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $20,000.00 pursuant to Section 21A(a)(1)(A) of the Exchange Act [15 U.S.C. § 78u-1(a)(1)(A)]. Defendant shall make this payment in four quarterly installments of $5,000.00 each, respectively due within 90 days, 180 days, 270 days, and 360 days after the date of entry of this Final Judgment. All payments shall be made by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payments shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Joyce Manni Ng as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of such payments and letters to the attention of Helane Morrison, District Administrator, at the Commission's San Francisco District Office, 44 Montgomery Street, Suite 2600, San Francisco, California 94104. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

The determination not to impose a greater civil penalty is contingent upon the accuracy and completeness of Defendant's Statement of Financial Condition. If at any time following the entry of this Final Judgment the Commission obtains information indicating that Defendant's representations to the Commission concerning her assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Defendant, petition the Court for an order requiring Defendant to pay the unpaid portion of the disgorgement, pre-judgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided

by Defendant was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The Commission may also request additional discovery. Defendant may not, by way of defense to such petition: (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of a civil penalty should not be ordered; (4) contest the imposition of the maximum civil penalty allowable under the law; or (5) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: July 29, 2005

*Jeffrey S. White*
UNITED STATES DISTRICT JUDGE

Approved as to form:

*Margaret M. deGuzman*
Margaret M. deGuzman
Farella Braun + Martel LLP
235 Montgomery Street
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Defendant
JOYCE MANNING